ILENE J. LASHINSKY (#003073)
United States Trustee
District of Arizona

EDWARD K. BERNATAVICIUS (#024174)
Trial Attorney
230 N. First Ave, Suite 204
Phoenix, Arizona 85003
(602)682-2608

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In re | CHAPTER 11 |
| RYAN JOSEPH PORTER<br>LESLEY MARIE PORTER | Case No.: 2:18-bk-01984-MCW |
| Debtor. | **UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' APPLICATION TO EMPLOY LEGAL COUNSEL FOR THE DEBTORS.** |

The United States Trustee for the District of Arizona, Region 14 ("UST"), through counsel undersigned, pursuant to 28 U.S.C. § 586 and 11 U.S.C. §§ 307 and 327, hereby objects to the Debtors' Application to Employ Legal Counsel for the Debtors ("Motion").

Upon review of the Motion and any accompanying employment documents and after discussions with relevant parties, the UST raises the following objections to the employment of attorney James F. Kahn and Bankruptcy Legal Center ("Kahn") as general bankruptcy counsel for Ryan Joseph and Lesley Marie Porter (the "Debtors"):

1. The UST objects to the Kahn's attempt to claim an earned upon receipt retainer when a portion of the retainer received is for future, post-petition, legal services and not yet earned. Dkt. # 11, page 2. Such a retainer is not earned upon receipt but is property

of the estate and must be held in trust for the benefit of the estate. The UST requests that the Court order any unused portion of the general, security retainer to be property of the estate and further order such unused portion to be held in Kahn's attorney's trust account for the benefit of the estate until further ordered by the Court and authorized for use pursuant to sections 327, 329 and 331 which includes the fee application process.

2. The UST objects to the Kahn's request to apply for a "success fee" in addition to the hourly rates and upon a successful restructuring of the debtors in an amount to be determined by the Court. Dkt. # 3, page 3.

I. **Any remaining balance of the $10,000.00 pre-petition retainer received by Kahn for future, post-petition legal services is property of this estate and must be placed in Kahn's attorney trust account and is not an earned upon receipt retainer.**

In Arizona, a lawyer "shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred." E.R. 1.15(c), Rule 42, Rules of the Supreme Court of Arizona.

Our Arizona bankruptcy courts have consistently held:

"Arizona law also offers no exception to the general rule that a retainer, taken by a debtor's attorney for services to be rendered during a bankruptcy case, is to be held in trust for the debtor, except to the extent that attorney's fees are allowed by the Court pursuant to Bankruptcy Code Sections 330 and 331 governing compensation. See e.g., Leff, supra 88 B.R. 105, 107; In re Tri–County Water Ass'n, Inc., 91 B.R. 547, 550–51 (Bankr.D.S.D.1988); In Kinderhaus Corp., 58 B.R. 94, 97 (Bankr.D.Minn.1986). Under Arizona law, property held by an attorney for the client's benefit is held in trust. Matter of Carragher, 157 Ariz. 219, 756 P.2d 316, 319 (1988). The current ethical rules adopted by the Arizona Supreme Court to govern the conduct of Arizona attorneys require attorneys to segregate "property of client or third persons ." ER 1. 15, Rule 42, Rules of the Supreme Court of Arizona. *Therefore, a retainer, comprised of the funds received by Debtor's Counsel as prepetition or post-petition payments from the Debtor or an interested party, is estate property held in trust for the benefit of the estate. ...*" In re Stevensen, 2011 WL 2413172, *4, Bkrtcy.D.Ariz., 2011, quoting In re Crimson Investments, 109 B.R. 397, 402, (D. Ariz. 1989).

When a law firm holds only a security interest and physical possession, the property securing it remains property of the estate and therefore subject to turnover. In re Glimicher, 2012 WL 5868972 (D.Ariz.) *3. See also, Stevenson at *5(equitable interest trust funds remains property of the estate) and 11 U.S.C. 11 U.S.C. § 541(a)(1).

**The UST believed this controversy to be resolved between the parties as of Thursday, March 8, 2017**. While Kahn placed the unusued portion of retainer in trust, Kahn has now advised undersigned counsel that he does not concede that he holds a general, security retainer and believes it to be a "fee in controversy." The UST is unsure what this phrase means as this was never discussed between the parties and this does not resolve the concerns of the UST regarding Kahn's claimed "non-refundable deposit" vs. a general, security retainer. The UST is further concerned that Kahn is merely attempting to keep the controversy open for some future time should his fees come into controversy thereby, attempting to enforce his attorney-client fee agreement which is contrary to his latest filed Supplemental 2016(b) Statement. Dkt. # 19.

While Kahn attempts to establish an earned upon receipt retainer through his initial 2016(b) statement and Chapter 11 engagement agreement (Attached as Exhibit A), such attempt ultimately falls short on the basic premise that the portion of the retainer for unusued funds for future, post-petition legal services is not yet earned and is therefore, property of the estate and, as such, must be placed in trust for the benefit of the estate. This is, therefore not an earned upon receipt retainer but, instead, a general, security retainer and must be treated as such**.**

**II.     The provision allowing Kahn to seek a success fee upon successful reorganization is an unreasonable term or employment in this individual Chapter 11 case and should be denied as a condition of employment**.

The Application to Employ Kahn as bankruptcy counsel for the Debtors states: "In the event of a successful restructuring of the Debtors, Counsel may apply for a "success fee" in addition to the hourly rates, in an amount to be determined by the Court, and reflective of the results obtained."  Dkt. # 3, ¶ 7, page 3.

While the UST concedes that this is a prospective provision providing Kahn with the ability to file for a future bonus over and above his hourly rate, 11 U.S.C. § 330 provides that a court may award a professional of the estate *reasonable compensation for actual, necessary services* rendered by the trustee, examiner or professional person or attorney . . .  and *reimbursement for actual, necessary expenses*.  A "success fee" or "bonus" for an attorney restructuring a individual chapter 11 debtor appears far afield from the contemplated "*reasonable compensation for actual, necessary services rendered by that professional*." This seems particulary true in a typical individual chapter 11 case in which there is  relatively low to modest yields to unsecured creditors.  Any "success fee" would be an administrative claim paid before other claims in the case and potentially further deplete any pool of funds used to pay creditors.

The UST requests that the court deny this provision as a requirement of Kahn's employment.

WHEREFORE, based on the above, the United States Trustee respectfully requests that the Court deny the Debtors' Application to Employ Counsel for the Debtors and for whatever other relief the Court deems just and proper.

RESPECTFULLY SUBMITTED this 15th day of March, 2018.

ILENE J. LASHINSKY
United States Trustee
District of Arizona

/s/ ekb (024174)
Edward K. Bernatavicius
Trial Attorney

Copy of the foregoing mailed via
e-mail on March 15, 2018, to:

JAMES F KAHN
KAHN & AHART, PLLC
BANKRUPTCY LEGAL CENTER
301 E. BETHANY HOME RD., STE C-195
PHOENIX, AZ 85012
602-266-1717
Fax : 602-266-2484
Email: james.kahn@azbk.biz